NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

CIVIL ACTION NO. 06-CV-24-HRW

THOMAS LOWELL EPPS                                                           PETITIONER

VS:                    **MEMORANDUM OPINION AND ORDER**

UNITED STATES OF AMERICA                                                     RESPONDENT

***** ***** ***** *****

Thomas Lowell Epps, an individual currently confined at the Federal Correctional Institution ("FCI") in Ashland, Kentucky, has filed a second *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241 in this Court, and he has now paid the habeas filing fee. This matter is before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

PRIOR LITIGATION

On April 19, 2002, Petitioner Epps filed a prior *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, *Epps v. U.S.A.*, Ashland 02-CV-081-HRW. He attacked his conviction in the United States District Court for the Western District of North Carolina on a plethora of grounds and submitted an inch-and-a-half-thick stack of documents.

Upon screening, the Court issued a Memorandum Opinion and Order in which it first summarized his claims as follows:

> The petitioner claims that he is entitled to a writ of habeas corpus on numerous grounds, including ineffective assistance of counsel in the United States District Court for the Western District of North Carolina ("the trial court"); ineffective assistance of counsel on appeal to the Fourth Circuit Court of Appeals; prosecutorial misconduct; judicial misconduct; invalid arrest warrant; deficient indictment; failure to have drug quantity submitted to a jury and decided beyond a reasonable doubt; and an incorrect presentence investigation report. The Court construes these claims as allegations of violations of his Fifth and Sixth Amendment rights under the United States Constitution.

Record No. 5 at 1-2. The Court also recited the alleged facts of his guilty plea and conviction on drug charges; what happened on his appeal; and issues which he raised in both an original motion to the trial court to vacate pursuant to 28 U.S.C. §2255 and a later-filed unauthorized successive motion.

The undersigned continued as follows:

> Having already had one bite at the post-conviction apple, and an appeal therefrom, Petitioner can only prevail in the instant §2241 petition under extremely limited conditions, [one being] the petitioner's establishing that 'the remedy by [§2255] motion is inadequate or ineffective to test the legality of his detention.' 28 U.S.C. §2255.

Record No. 5 at 7. The Court then found that the petitioner had failed to carry the burden of demonstrating that his relief via §2255 is inadequate or ineffective and on July 22, 2002, dismissed the petition, consistent with *Charles v. Chandler*, 180 F.3d 753 (6th Cir.1999). Epps took no appeal.

CLAIMS

The petitioner claims herein, as he did before, that he is entitled to a writ of habeas corpus on numerous grounds. These include ineffective assistance of counsel; prosecutorial misconduct; judicial misconduct; an invalid arrest warrant; violations of his Fourth, Fifth, and Sixth Amendment rights; and a manifest injustice in the calculation of the amount of drugs alleged. Additionally, he claims that he is actually innocent.

2

As he did in his §2255 motions to the trial court and his prior §2241 petition in this Court, the petitioner again attacks his conviction, and he does so on the same grounds and with the same exhibits. All that is new are his references to U.S. Supreme Court decisions handed down since his earlier challenges, *Blakely v. Washington*, 524 U.S. 596 (2004), and *United States v. Booker*, 543 U.S.220 (2005), both of which flow from an earlier case upon which the petitioner has already unsuccessfully relied, *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000).

DISCUSSION

Based on the following reasons, the petitioner fails to state a claim upon which relief can be granted, and his petition must be dismissed.

1. §2255 Remedy Not Inadequate

As the petitioner was advised four years ago, relief under §2241 is not appropriate where, as here, the petitioner previously presented his claims to the trial court under 28 U.S.C. §2255 and lost. *Charles v. Chandler*, 180 F.3d 753, 757-58 (6th Cir. 1999). The law of the Sixth Circuit, as discussed in *Charles*, is well established: the remedy available to a petitioner under §2255 is not rendered ineffective or inadequate simply because the trial court previously denied him relief. *Id.*

Moreover, subsequent to *Charles* and Epps' earlier petition, the Sixth Circuit held that to satisfy the inadequate or ineffective standard, the claimant must have a claim of "actual innocence." *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003).

2. "Actual Innocence" Claim Without Merit

The petitioner has offered no colorable claim that he is "actually innocent" of the offenses to which he pled guilty.

In *Bousley v. United States*, 523 U.S. 614, 623, 118 S. Ct. 1604 (1998), the Supreme Court explained that "To establish actual innocence, petitioner must demonstrate that, in light of all the

3

evidence, it is more likely than not that no reasonable juror would have convicted him." *Id.* at 623. The Court continued, stating, "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency. . . ." *Id.* at 623-24.

In *Martin v. Perez*, the Sixth Circuit instructed that a viable claim of "actual innocence" arises where petitioner was convicted under a criminal statute; thereafter the Supreme Court issues a decision that more narrowly interprets the terms of that statute; and so there may arise a significant risk that petitioner was convicted of conduct that the law does not make illegal. Therefore, the petitioner may be "actually innocent" of the crime for which he was convicted. The cases upon which the instant petitioner relies, however, are not "narrow interpretation" cases, hence not "actual innocence" cases, and so he is not entitled to have his petition considered under this Court's §2241 jurisdiction.

### 3.  *Apprendi, Blakely* and *Booker* Do Not Apply

To the extent that the petitioner challenges his sentence under the ambit of *Apprendi*, *Blakely* and *Booker*, his reliance is misplaced.

The Sixth Circuit has held since 2001 that *Apprendi* is not retroactively applicable to cases on collateral review. *See In re Clemmons*, 259 F.3d 489, 492 (6th Cir.2001) ("[w]hile this court has applied *Apprendi* to cases on direct appeal, we have not applied its new rule retroactively to cases on collateral review") ( §2255 motion); *see also Perkins v. Thoms*, 23 Fed. Appx. 256 (6th Cir.2001) (§2241 petition).

The subsequent cases upon which Petitioner now relies have also been held inapplicable retroactively on collateral review. *See In re Dean*, 375 F.3d 1287, 1290 (11th Cir.2004) ("[the §2255 petitioner] cannot show that the Supreme Court has made [the *Blakely*] decision retroactive to cases already final on direct review"); *Humphress v. United States,* 398 F.3d 855 (6th Cir. Feb. 25, 2005)

4

(same); *United States v. Saikaly,* 424 F.3d 514, 517 (6th Cir. 2005); *see also McReynolds v. United States,* 397 F.3d 479 (7th Cir. 2005) (*Booker* does not apply retroactively to criminal cases that became final before release of the case on January 12, 2005).

As this Court is bound by--and in full agreement with--the *Humphress* decision, *Blakely* and its progeny cannot be applied retroactively on collateral review and provide the petitioner with grounds for relief from his conviction and sentence.

CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1) Thomas Lowell Epps' §2241 petition for habeas corpus [Record No. 1] is **DENIED** and this action is **DISMISSED**, *sua sponte,* from the docket of the Court.

(2) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the respondent.

This April 25, 2006.

Signed By:
Henry R Wilhoit Jr.
United States District Judge